**Alfred DEMPSEY**

v.

**ARCO OIL & GAS CO., et al.**

**Civ. A. No. 90–3279.**

United States District Court,
E.D. Louisiana.

April 8, 1992.

Marshall J. Hough, Hough and Associates, Metairie, LA, for plaintiff.

Michael M. Christovich, Charles M. Lanier, Jr., Christovich & Kearney, New Orleans, LA, for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the Motion for Summary Judgment of defendant ARCO Oil & Gas Co. The Court notes that although this motion was continued from its original hearing date of March 11, 1992, at plaintiff's request, plaintiff has conducted no additional discovery and has filed no motions to compel discovery in the interim preceding the continued hearing date. Finding the defendant's motion to be well taken, the Court grants the motion.

### I. *Facts*

On December 18, 1989, plaintiff Alfred Dempsey was supervising painting operations on a platform operated by Arco. In light of an approaching cold front, Mr. Dempsey shut down painting operations, and requested transportation from the platform to Venice, Louisiana. Arco personnel informed Mr. Dempsey that there was no available transport at that time. Subsequently, at approximately 4:00 p.m., the M/V THUNDER WAR[1] arrived and attempted to take Mr. Dempsey aboard by means of a personnel transfer basket. During the transfer from the platform to the THUNDER WAR, the basket collided with the vessel, causing injuries to its passenger. Mr. Dempsey has alleged strict liability and negligence causes of action against Arco under La.Civ.C. arts. 2317, 2322, and 2315. Arco contends that Mr. Dempsey has completely failed to prove fault attributable to it, and requests summary judgment for that reason.

---

**1.** The THUNDER WAR was owned and operated by Popich Brothers Water Transport, Inc., a

### II. *Standard for summary judgment*

Arco's motion should be granted only if it establishes that there is "no genuine issue of material fact," and that it is entitled to judgment in its favor as a matter of law. Fed.R.Civ.P. 56(c). Such a genuine issue is present when the outcome of a disputed factual question could affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Thus, summary judgment is only appropriate if the evidence shows that even with all inferences resolved in favor of Mr. Dempsey, a rational jury could not find in his favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. Once Arco has met its burden, Mr. Dempsey must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Failure to do so will cause the Court to grant Arco's motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (emphasis added).

### III. *Law*

#### A. Strict liability

▇▇▇ Mr. Dempsey's assertions of Arco's liability under La.Civ.C. arts. 2317, 2322 are properly dismissed out of hand for failure to bring forward any evidence of a defect in a thing within Arco's "garde" that caused harm to Mr. Dempsey. *See generally* Powers, *Some Observations on Strict Liability in the Louisiana Law of Garde*, 52 La.L.Rev. 365 (1991). He contends that his inability to show a defect stems from Arco's failure to produce discovery materials as requested, and that this failure raises a genuine issue of material fact. This is incorrect in that Mr. Dempsey has not shown specifically what facts further discovery would reveal. Absent such a showing, an asserted need for further discovery will not suffice to defeat a motion for summary judgment. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990). Mr. Dempsey's remedy for any failure to produce specific

---

party that has been dismissed from this action.

materials would not be a grant of time for further discovery,[2] but rather a motion to compel production pursuant to existing discovery requests. Because no motions to compel the relevant material are pending, there is no need to delay adjudication of the motion at bar.[3] Because Mr. Dempsey has been unable to proffer evidence sufficient to create a fact issue regarding defects, summary judgment in Arco's favor is appropriate on the strict liability question.

B. Negligence/duty/independent contractor

■ Mr. Dempsey has failed proffer evidence of any specific negligence on the part of Arco.[4] The sole issue that the parties have disputed seriously is whether an entity within Arco's control breached a duty owed to Mr. Dempsey. *See Lejeune v. Rayne Branch Hospital,* 556 So.2d 559, 566 (La.1990). Mr. Dempsey also apparently concedes that if an independent contractor in Arco's hire caused his injuries, Arco is not liable so long as it did not retain control over the operative details of the independent contractor's work. *See Ellison v. Conoco, Inc.,* 950 F.2d 1196, 1207 (5th Cir.1992); *Duplantis v. Shell Offshore Co., Inc.,* 948 F.2d 187, 193 (5th Cir.1991). He does assert, however, that Arco was in control of the THUNDER WAR at the time of the accident, and that negligence attributable to Arco by virtue of that control entitles Mr. Dempsey to recover. On the issue of Arco's control over the vessel, both parties rely upon Article 6 of the "Marine Time Charter" between Arco and Popich Bros. entitled "Control of Operations", which reads in pertinent part as follows:

A. The entire operation, ship's navigation, management and control of the Vessel shall be under the exclusive control and command of CONTRACTOR, its servants, its Master and its marine crew. The Vessel shall be operated and the marine services herein described shall be provided as requested by ARCO. Unless CONTRACTOR (through the Master or other authorized representative) in its sole discretion objects for reasons of safety, the Vessel shall conduct such movements as ARCO or its representative reasonably requests in order to conduct the services provided for herein. CONTRACTOR, for this Agreement is an independent contractor and neither it nor its employees, its Master nor its marine crew, are servants, agents or representatives of ARCO, ARCO being interested only in the completed performance of the marine services specified herein.

Mr. Dempsey contends that "[i]t is obvious from [the second and third] sentences in Article 6, control of operations, of the marine time charter that there is a genuine issue of material fact regarding whether or not Arco was in control of the M/V THUNDER WAR."[5] In this he is mistaken; unless the writing is unclear, its interpretation is a matter of law for the Court.

In interpreting this language, the Court finds that the meaning of the relevant language is clear. With respect to safety, the charter and the law agree that "normally the master of a ship has the final say so in deciding what risks posed by the weather and the condition of his ship will be assumed." *Brown v. Link Belt Division of FMC Corp.,* 666 F.2d 110, 113 (5th Cir. 1982).[6] *See also Smith v. Southern Gulf Marine Co. No. 2, Inc.,* 791 F.2d 416, 419 (5th Cir.1986) (finding time charterer not negligent because "the ultimate decision about whether to proceed [in rough weather rested] with the crewboat captain; [the

---

**2.** *See* Fed.R.Civ.P. 56(f).

**3.** This reasoning applies equally well with respect to the negligence questions addressed below.

**4.** One example of this failure is reflected in his answering "No" when asked whether he knew of anything the crane operator did, or failed to do, that caused or contributed to the accident. Deposition of Alfred Dempsey, August 2, 1991, at 248.

**5.** Memorandum in Opposition to Motion for Summary Judgment at 5.

**6.** *Accord Stevens v. Seacoast Co.,* 414 F.2d 1032, 1036 (5th Cir.1969); *Cooper v. Offshore Express, Inc.,* 717 F.Supp. 1180, 1185 (W.D.La.1989); Note, *Feemster v. BJ–Titan Servs. Co.: The At–Will Doctrine Resurgent in Admiralty,* 64 Tul. L.Rev. 949, 955 (1990) (stressing masters' "unique responsibility for the safety of the vessel and those aboard.").

time charterer] could not override the judgment of the crewboat captain about the risk of making the trip.").

The duty of determining whether to transport personnel to the vessel was that of the vessel's master. Moreover, "[n]o case exists which clearly determines the fixed platform's owner's duty concerning safe ingress and egress from the platform. However, a *vessel* owner must provide a passenger a reasonably safe means of boarding a vessel, including the provision of proper gangways, landing places, and personnel assistance." *Counts v. Lafayette Crewboats, Inc.*, 622 F.Supp. 299, 301 (W.D.La.1983) (emphasis in original). Because Arco was itself free from negligence,[7] and because it had no control over the safety aspects of the personnel transfer process, no facts could establish its negligence for Mr. Dempsey's injuries. He has thus failed to set forth specific facts showing negligence for which Arco could be held responsible, and summary judgment for Arco is therefore appropriate.

Accordingly,

IT IS ORDERED that the Motion for Summary Judgment of defendant ARCO Oil & Gas Co. be and hereby is GRANTED.

---

**7.** This is a conclusion that the Court reaches solely due to the failure of Mr. Dempsey to rebut as he must under Fed.R.Civ.P. 56. *See* section II, *supra*.