**VASTAR RESOURCES, INC.**

**v.**

**POPICH BROTHERS WATER TRANSPORT, INC.**

**Civil Action No. 95–1014.**

United States District Court, E.D. Louisiana.

Sept. 26, 1995.

Michael M. Christovich and Charles M. Lanier, Christovich and Kearney, New Orleans, Louisiana, for Vastar Resources, Inc.

Philip F. Cossich and Gregory W. Minton, Cossich & Associates, Belle Chasse, Louisiana, for Popich Brothers Water Transport, Inc.

### ORDER AND REASONS

MENTZ, District Judge.

Before the Court is a motion to dismiss for failure to state a claim filed by plaintiff, Vastar Resources, Inc. ("Vastar") and a memorandum in opposition filed by defendant, Popich Brothers Water Transport, Inc. ("Popich Brothers"). The motion was taken under submission for decision on the briefs

without oral argument. Having reviewed the motion, the memoranda of the parties, the record, and the law, the Court grants the motion to dismiss.

### Background

In 1989, Alfred Dempsey was injured in a personnel basket transfer from an oil platform operated by ARCO[1] onto the deck of the M/V THUNDERWAR, Popich Brothers' crewboat. Dempsey filed suit against Vastar and Popich Brothers, claiming that he was injured as a result of the decision to go forward with the personnel basket transfer in rough weather. During the course of the litigation, Popich Brothers settled with Dempsey. Vastar then moved this Court for summary judgment, which was granted after finding that Vastar was not at fault for the accident or injury. *See Dempsey v. Arco Oil & Gas Co.*, 809 F.Supp. 437 (E.D.La.1992), *aff'd,* 980 F.2d 1444 (5th Cir.1992).

Now Vastar has filed suit against Popich Brothers to recover its costs and attorney's fees, relying on an indemnity provision in the marine time charter. Article 12 provided that ARCO and Popich Brothers would each indemnify the other for any claims or damages arising from their own negligence. In order to recover under the time charter, Vastar must prove that Popich Brothers was negligent.

Popich Brothers filed a counterclaim, arguing that despite the Court's prior ruling, Vastar was negligent and therefore Popich Brothers was entitled to indemnity from Vastar under the same provision.

The question now before the Court is whether Popich Brothers should be allowed to assert Vastar's negligence in a counterclaim when this Court previously found Vastar to be free from fault. As discussed below, Popich Brothers is barred from relitigating this issue.

### Law and Analysis

Vastar has filed a suit seeking indemnity for its attorney fees and costs in defending this litigation. In order to prevail, Vastar must establish Popich Brothers' negligence. As Popich Brothers settled the Dempsey suit, it was never found negligent. In order to prevail on its counterclaim, Popich Brothers would have to establish Vastar's negligence. However, this Court already found as a matter of law that, with regard to the basket transfer incident in 1989, Vastar was free from fault.

Popich Brothers maintains that the conclusion in the prior suit should not operate as res judicata to bar it from proving its case against Vastar. Res judicata bars relitigation of all questions of fact and law relevant to a cause of action which were or could have been litigated in a prior proceeding between the same parties to which there was a final judgment. *Dore v. Kleppe,* 522 F.2d 1369 (5th Cir.1975). Generally, res judicata comprises two doctrines known as claim preclusion and issue preclusion. Issue preclusion or collateral estoppel bars relitigation of issues actually adjudicated and which are essential to the judgment of a prior litigation. Collateral estoppel does not require mutuality of parties. *See, e.g., Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Enlund v. British Petroleum Oil Company,* 1993 WL 205042 (E.D.La.1993).

Nevertheless, Popich Brothers argues that although Dempsey was not able to establish negligence by Vastar, Popich Brothers might be more persuasive. This argument overlooks the fact that Vastar was dismissed on summary judgment, meaning that there were no genuine issues of material fact from which liability could be imposed on Vastar. The facts attendant to the incident will not change simply because a different plaintiff is attempting to assert them.

Having disposed of Popich Brothers' first argument against the application of collateral estoppel, the Court will now examine the criteria which are weighed in determining whether a party is precluded from relitigating an issue determined in another proceeding. *Enlund v. British Petroleum Oil Company,* 1993 WL 205042 at 1. The first

---

1. Vastar is the successor in interest to ARCO; hereinafter use of the name "Vastar" will refer to Vastar Resources, Inc. and its predecessor, ARCO Oil and Gas Co.

factor is whether the issue at stake is identical to the one involved in the prior litigation. Clearly the issues in these two cases are the same: whether Vastar was negligent toward Dempsey.

The next factor is whether the issue was actually litigated. This Court considered the marine time charter, the deposition testimony of M/V THUNDERWAR's two captains, and the deposition testimony of the owner of Popich Brothers before making its ruling on the motion for summary judgment. After reviewing all the facts attendant to the personnel basket transfer incident, the Court found that Vastar was not negligent.

The third criteria is whether the determination of the issue in the prior litigation was a critical and necessary part of the judgment. This Court found that Vastar was not negligent and was therefore entitled to judgment as a matter of law. The Court could not enter summary judgment in Vastar's favor without first making such a finding.

Finally, the Court must consider whether special circumstances exist which would render preclusion inappropriate or unfair. There are no such concerns in this case. Popich Brothers could have reserved its rights against Vastar in the settlement with Dempsey. It could have been subrogated to Dempsey's rights against Vastar. Popich Brothers could have even participated in the suit against Vastar. Popich Brothers' contention that it desired to present a "unified front" against Dempsey does not persuade the Court otherwise.

Considering the above reasons and the general policy against allowing parties to relitigate issues, and that there is no merit to the counterclaim,

**IT IS ORDERED** that Vastar's motion to dismiss for failure to state a claim is **GRANTED.**