John E. WASHINGTON,
Plaintiff–Appellant,

v.

ALLSTATE INSURANCE COMPANY,
Defendant–Appellee.

No. 89–3682
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 29, 1990.

Rehearing Denied July 10, 1990.

---

**15.** *Id.* at 481 (emphasis added).

David C. Frazier, Gordon, Myers & Frazier, Pascagoula, Miss., for plaintiff-appellant.

Michael K. Fitzpatrick, F. Otway Denny, III, New Orleans, La., for defendant-appellee.

Before WILLIAMS, SMITH, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Washington appeals the trial court's dismissal of his breach of contract action against his homeowner's insurer Allstate. We affirm.

Washington alleged that Allstate failed to pay for property damage to his home covered under an insurance policy issued to him by Allstate; Washington attached the Allstate policy to his complaint. Allstate answered claiming prescription and moved to dismiss on the basis of prescription. Allstate was granted until 20 days after the date of the hearing on its motion to dismiss to produce documents and respond to requests for admissions. Washington did not object to the extension.

Thereafter, Washington responded to Allstate's motion, arguing: (1) that the action had not prescribed on its face; (2) that Allstate had acknowledged the debt by having a repair estimate made, thereby interrupting prescription; and (3) that Allstate had created a genuine issue of material fact by attaching to its motion a copy of the standard fire policy language set forth in La.Rev.Stat.Ann. 22:691(F). Louisiana law requires every fire policy issued in the state to conform to the language in 22:691(F). Washington contended that the standard fire policy language differed from that in Allstate's policy and that the standard policy language had never been attached to the policy in dispute. Washington further asserted that he was entitled to complete discovery before final determination of the motion. The district court then took Allstate's motion under advisement without oral argument or hearing and suspended discovery until he ruled on the motion.

In granting Allstate's motion to dismiss, the district court accepted Allstate's argument that Washington's claim had prescribed and rejected Washington's claim that Allstate interrupted prescription by hiring a contractor to assess the plaintiff's damages. Though neither the parties nor the court designated under which rule dismissal was sought, Fed.R.Civ.Pro. 12(b)(6) speaks to the failure to state a claim upon which relief can be granted and encompasses dismissal on the basis of prescription. *Triplett v. Heckler*, 767 F.2d 210, 212 (5th Cir.1985), *cert. denied*, 474 U.S. 1104, 106 S.Ct. 889, 88 L.Ed.2d 923 (1986); *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir.1983).

Where matters outside the pleadings are considered by the district court on

a motion to dismiss, Rule 12(b) requires the court to treat the motion as one for summary judgment and to dispose of it as required by Rule 56. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *Jackson v. Procunier,* 789 F.2d 307, 310 (5th Cir.1986). Whenever a motion to dismiss is treated as a motion for summary judgment, the nonmovant is entitled to the procedural safeguards of Rule 56. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 195 (5th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988); *Capital Films Corp. v. Charles Fries Prods., Inc.,* 628 F.2d 387, 391 n. 1 (5th Cir.1980).

■ When the district court considered La.Rev.Stat.Ann. 22:691(F) and the contractor's estimate, he in fact converted the motion to dismiss into a motion for summary judgment. *Where the opposing party has been afforded the opportunity to respond in accordance with Rule 56, an appellate court may review the lower court's decision as one for summary judgment even if the court mislabeled it as a dismissal.* *Jackson v. Procunier,* 789 F.2d 307, 310 (5th Cir.1986); *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381, 390 n. 9 (5th Cir.1985), *cert. denied,* —— U.S. ——, 109 S.Ct. 129, 102 L.Ed.2d 102 (1988). Consequently, though the district court applied Rule 12(b)(6), Rule 56 governs the standard of review in this case.

Washington contends that judgment was premature because the trial court allowed no discovery. He objected to this state of affairs in his supplemental response to Allstate's motion to dismiss and in his brief to this court. Thus he argues that the district court erred in failing to allow him a "reasonable opportunity" to respond as required by Rule 12(b) and Rule 56. We disagree.

Rule 56(c) requires that the nonmovant have 10 days within which to respond to a motion for summary judgment. However, "[u]nder Rule 56 it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence." *Clark v. Tarrant County, Texas,* 798 F.2d 736, 746 (5th Cir.1986). The proper question, therefore, is whether Washington had ten days' notice after the court accepted for consideration matters outside the pleadings. *Isquith,* 847 F.2d at 195.

■ Here Allstate attached a copy of La.R.S. 22:691(F) to its April 20 motion to dismiss. Washington attached a copy of the repair estimate to his response, filed on June 10. A hearing on the motion was set for June 21, but at Washington's request the trial court cancelled the hearing and gave Washington until June 30 to file a supplemental memorandum in opposition to the motion. This order stated that upon receipt of Washington's memorandum, the trial court would decide the motion on the briefs without an oral hearing. At least from the date Washington himself submitted to the court matters outside the pleadings, June 10, Washington was on notice that the trial court could treat the motion to dismiss as a motion for summary judgment. As the *Isquith* court noted, the notice required is only that the district court *could* treat the motion as one for summary judgment, not that the court *would* in fact do so. 847 F.2d at 195. Indeed, Washington addressed the requirements of Rule 56(c) in his opposition to Allstate's motion to dismiss. The Supreme Court has recently observed that "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The notice provisions of Rule 12(b) and Rule 56 were not violated.

The next question is whether the trial court erred in granting summary judgment because Washington had not engaged in any discovery. Washington did not object

to Allstate's April 20 and May 15 motions to stay discovery. Washington expressed dissatisfaction with the lack of discovery only in his July 12 supplemental memorandum opposing the motion. There Washington, referring to Allstate's attachment to its motion of the standard fire policy, stated: "[i]f the Defendant wishes to continue to raise genuine issues as to material facts the Plaintiff is entitled to have an opportunity to complete his discovery before such issues are finally determined."

■ Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f) is his remedy. *New America Shipbuilders, Inc. v. United States,* 871 F.2d 1077, 1081 (Fed.Cir.1989); *Reflectone, Inc. v. Farrand Optical Co., Inc.,* 862 F.2d 841, 843–44 (11th Cir.1989); *American Nurses Association v. State of Illinois,* 783 F.2d 716, 729 (7th Cir.1986); *Weir v. Anaconda Co.,* 773 F.2d 1073, 1081 (10th Cir.1985); *United States of America, acting Through the Small Business Association v. Light,* 766 F.2d 394, 397 (8th Cir.1985). This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment. *Paul Kadair, Inc. v. Sony Corp. of America,* 694 F.2d 1017, 1029–30 (5th Cir.1983). *See Fisher v. Metropolitan Life Insurance Co.,* 895 F.2d 1073 (5th Cir.1990) and *Netto v. Amtrak,* 863 F.2d 1210, 1216 (5th Cir.1989).

Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The protection afforded by Rule 56(f) is an alternative to a response in opposition to summary judgment under Rule 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment. 10A Wright, Miller, and Kane, *Federal Practice and Procedure* § 2740 (1983).

■ To obtain a Rule 56(f) continuance, the nonmovant must present specific facts explaining his inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Securities and Exchange Commission v. Spence & Green Chemical Co.,* 612 F.2d 896, 901 (5th Cir.1980), *cert. denied,* 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981) (quoting *Willmar Poultry Co. v. Morton–Norwich Products, Inc.,* 520 F.2d 289, 297 (8th Cir.1975), *cert. denied,* 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976)). The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts. *Gossett v. Du–Ra–Kel Corp.,* 569 F.2d 869, 873 (5th Cir.1978).

In *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986), the court observed that "[w]hile a party's failure to comply with Rule 56(f) procedure does not preclude consideration of the motion, some equivalent statement, preferably in writing … is to be expected." In *Fontenot* the plaintiff neither filed an affidavit nor stated any facts that would have required a continuance; furthermore, he did not suggest on appeal how he was prejudiced by the denial of a continuance. The *Fontenot* court, noting that Rule 61 forbids reversal absent prejudice to the "substantial rights" of a party, declined to find that the trial court erred in refusing to grant the plaintiff a Rule 56(f) continuance both because of the discretion vested in the trial judge and because no resultant prejudice was shown. *Fontenot,* 780 F.2d at 1194.

■ Assuming, without deciding, that Washington's request for discovery in his

supplemental memorandum constituted a request for a Rule 56(f) continuance, we find that the trial judge did not abuse his discretion in denying the request. Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete; the opposing party must demonstrate "how the additional time will enable him to rebut the movant's allegations of no genuine issue of fact." *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir.1985) (quoting *Patty Precision v. Brown & Sharpe Mfr. Co.*, 742 F.2d 1260, 1264 (10th Cir.1984)). In *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir.1986), the court observed that the nonmovant's "casual reference to the existence of ongoing discovery falls far short of showing how the desired time would enable it to meet its burden in opposing summary judgment."

■ *Netto v. Amtrak*, 863 F.2d 1210, 1215 (5th Cir.1989) is instructive. Netto opposed Amtrak's motion for summary judgment, alleging that some discovery was still outstanding. Netto neither moved for a continuance nor submitted an affidavit showing how the outstanding discovery could have assisted him in opposing the motion. On appeal, Netto's allegations lacked specificity and presented no explanation about the way in which the outstanding discovery could have aided his cause of action. The court found that by their very nature, the outstanding discovery requests could not have controverted Amtrak's summary judgment evidence. Similarly, Washington has neither alleged nor alluded to any facts beyond the existence of the contractor's estimate to support his contention that Allstate acknowledged his claim.

■ Having found that the district court's action was procedurally correct, we turn to the merits on summary judgment. Summary judgment is appropriate under Fed.R.Civ.P. 56 if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State University*, 871 F.2d 545, 548 (5th Cir.1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). To that end we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

On November 22, 1987 Washington's home, insured by Allstate Insurance Company, was burglarized and vandalized. Thereafter, Washington filed a claim and a sworn proof of loss with Allstate in accordance with the terms of the insurance contract. At Allstate's request, Washington submitted himself for an examination under oath. Allstate also hired a contractor who assessed the damage to Washington's home and submitted to Allstate a proposal for repair costs. No negotiations transpired between the parties, and Washington filed suit against Allstate on January 20, 1989, one year and 59 days after the loss.

La.Rev.Stat.Ann. 22:691 states that every homeowner's policy issued in the state must provide that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity ... unless commenced within twelve months next after the inception of the loss." The policy Allstate issued to Washington provided: "[n]o suit or action may be brought against us unless there has been full compliance with all the terms of this policy. Any suit or action must be brought within one year after the loss." Washington argues that this language varies from that required by 22:691 and thus

that 22:691 does not apply despite the statement in the Allstate policy to the effect that "[w]hen the policy provisions are in conflict with the statutes of [Louisiana], the provisions are amended to conform to such statutes."

■ Washington asserts that the Allstate policy provision is ambiguous in that "one year after the loss" could mean either "one year after the inception of the loss" or "one year after the loss accrues." Thus he argues that because the policy required the insured to give Allstate a sworn proof of loss within 60 days after the loss, the loss accrued at the expiration of that sixty day period and the one year prescriptive period began to run at the end of the 60 days. We disagree.

The form of the standard fire policy is mandatory under Louisiana's Insurance Code. *Grice v. Aetna Cas. & Sur. Co.*, 359 So.2d 1288 (La.1978).[1] Even if the term "loss" in the Allstate policy is ambiguous and thus conflicts with 22:691, the policy expressly provides that in such instance its provisions are reformed to conform with that law. Under 22:691, and thus under the Allstate policy, Washington had one year from the occurrence causing his loss within which to file suit. *See Gremillion v. Travelers Indemnity Co*, 256 La. 974, 240 So.2d 727, 731 (1970). Consequently, because Washington filed this action one year and 59 days after the damage was sustained, his claim had prescribed absent some circumstance which tolled the running of prescription. We now turn to Washington's argument that Allstate interrupted the running of prescription by acknowledging his claim.

■ Generally, when a petition shows on its face that the prescriptive period has run, the burden is on the plaintiff to prove interruption of the prescriptive period. *Touchet v. State Farm Fire & Casualty Co.*, 542 So.2d 1142, 1143 (La.App. 3rd Cir.), *cert. denied*, 546 So.2d 1214 (La.1989); *Frederick v. Aetna Life & Casualty Co.*,

467 So.2d 600, 602 (La.App. 3rd Cir.1985); *Emery v. Cabral*, 400 So.2d 340, 342 (La. App. 4th Cir.), *cert. denied*, 405 So.2d 533 (La.1981).

■ Prescription can be interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La.Civ.Code art. 3464. Under Louisiana law, an acknowledgement sufficient to interrupt prescription must be a clear, concise and express recognition of the right which the creditor claims. *Simmons v. Bartleet Chemical, Inc.*, 420 So.2d 1273, 1275 (La.App. 3rd Cir.1982); *Tassin v. Allstate Insurance Co.*, 310 So.2d 680, 685 (La.App. 4th Cir.1975). The acknowledgement may be express or tacit and need not be in any particular form. *Flowers v. U.S.F. & G. Co.*, 381 So.2d 378, 381–82 (La.1980). However, such acknowledgement must be made with the intention to interrupt prescription. *Touchet v. State Farm Fire & Casualty Co.*, 542 So.2d 1142, 1144 (La.App. 3rd Cir.), *cert. denied*, 546 So.2d 1214 (La.1989); *Marathon Insurance Co. v. Warner*, 244 So.2d 353, 355 (La.App. 2nd Cir.1971).

■ Mere investigation of a claim or loss does not constitute conduct which may be taken as a waiver of a policy provision. *Insurance Company of North America v. Board of Commissioners of the Port of New Orleans*, 733 F.2d 1161, 1167 (5th Cir.1984) (interpreting Louisiana law). La. Rev.Stat.Ann. 22:651 provides in pertinent part:

> None of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or any defense of the insurer thereunder: ...
> (3) Investigating any loss or claim under any policy or engaging in negotiations looking towards a possible settlement of any such loss or claim.

The crucial determination is whether the overall actions of the insurer led the insured to reasonably believe the insurer

---

1. The Allstate policy insured against a number of perils, including both fire and theft. The *Grice* court held that "if the homeowners policy is part of the same contract as the standard fire policy the burglary and theft coverage of the homeowners policy will be governed by the same limitation as the standard fire policy." 359 So.2d at 1291.

would not require compliance with the policy provision that suit must be filed within a year. *Blum v. Cherokee Insurance Co.,* 336 So.2d 894, 897 (La.App. 4th Cir.), *aff'd on reh'g,* 336 So.2d 900 (1976). The *Blum* court found no evidence that the insured withheld suit in reliance on any representation by the insurer where there was no admission or recognition of liability, no assurance of payment, no late request for additional information or for time to investigate the claim further, no intentional delay of adjustment beyond the limitation period, and no prolonged or continuous negotiations, lasting through most of the limitation period, which might tend to hold out a reasonable hope of amicable adjustment. 336 So.2d at 898 and 900.

 The recognition of a disputed claim and efforts to settle or compromise the claim do not constitute an acknowledgement. *See Touchet v. State Farm Fire & Casualty Co.,* 542 So.2d at 1146; *DeFrancesch v. R. Peterson & Assoc. Ins. Agency,* 508 So.2d 1014, 1016 (La.App. 5th Cir.1987); *Frederick v. Aetna Life & Casualty Co.,* 467 So.2d 600, 602 (La.App. 3rd Cir.1985); *White v. Miller,* 447 So.2d 1192, 1194–95 (La.App. 5th Cir.), *cert. denied,* 449 So.2d 1357 (La.1984); *Trainer v. Aycock Welding Co.,* 421 So.2d 416, 417–18 (La.App. 1st Cir.1982).

Washington contends that the contractor's estimate served as an acknowledgment of the debt owed sufficient to interrupt the running of prescription, relying heavily on *Richardson v. Louisiana Farm Bureau Mutual Insurance Co.,* 393 So.2d 200 (La.App. 1st Cir.1980), *cert. denied,* 398 So.2d 529 (La.1981). Washington's reliance is misplaced. In *Richardson* there was an oral offer and an oral acceptance of a compromise agreement. Although the oral compromise was unenforceable under La.Civ.Code art. 3071, the court concluded that it met the requirements of an acknowledgment of the debt sufficient to interrupt prescription. 393 So.2d at 203. In the instant case, the parties reached neither a settlement nor a compromise; indeed, the parties never even negotiated. Viewing the facts in the light most favorable to Washington, the contractor's estimate falls far short of constituting an acknowledgment so as to interrupt prescription under Louisiana law.

For the foregoing reasons, the ruling of the district court granting summary judgment in favor of Allstate is

AFFIRMED.