IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60312

Summary Calendar
_____

EDDIE ROSS

Plaintiff-Appellant,

versus

MEREDITH A. PIERCE, Individually and in
his Official Capacity as Supervisor for
Warren County, Mississippi Farmers Home
Administration

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
(5:93-CV-58BrN)

_____

November 12, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

## Facts and Procedural History

Plaintiff-Appellant Eddie Ross filed this § 1981 action against the United States of America; Mike Espy, Secretary of Agriculture; the Farmers Home Administration ("FmHA"); and Meredith A. Pierce, individually and in his official capacity as supervisor

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

of the Warren County Farmers Home Administration. Ross alleged that those defendants unconstitutionally denied him an FmHA loan on the basis of his race. On May 12, 1994, the district court granted motions to dismiss the United States, Mike Espy and FmHA, but denied the motion to dismiss Pierce because the former were protected from suit by the doctrine of sovereign immunity while the latter was not if his alleged acts were *ultra vires*. The district court ordered discovery as to whether defendant Pierce was acting *ultra vires*.

Some discovery ensued. Pierce served interrogatories on appellant, and eventually filed a motion to compel that was granted by the district court. Pierce noticed Ross's deposition. Ross's attorney failed to provide a suitable date for the deposition, and the district court eventually ordered Ross to respond to Pierce's discovery requests. Ross did not notice any depositions.

On November 7, 1994, six months after the district court dismissed all the defendants but Pierce, Pierce filed a Renewed Motion to Dismiss or for Summary Judgment, contending that he was at all relevant times acting within the course and scope of his FmHA employment. In that motion, Pierce contended that Ross had "failed to conduct any discovery attempt to prove some *ultra vires* act on the part of the defendant." Ross opposed Pierce's motion arguing that he was "entitled to adequate discovery from the Defendant, and upon his receiving said discovery, will produce

evidence of [defendant's] *ultra vires* acts." The district court then entered a scheduling order directing that all discovery be completed by February 1, and ordered Pierce to respond to all discovery propounded on him by Ross, which Pierce apparently did on December 19. The parties entered a case status report on March 1, 1995 indicating that "all discovery has been completed, with the exception of some unspecified depositions which the plaintiff indicates a desire to take with regard to certain U.S.D.A. officials who participated in the review of plaintiff's operating loan applications/denials for 1991 and 1992." Ross did not notice any additional depositions, request additional discovery, object to the case status report, or make any additional motions to compel.

With the Motion for Summary Judgment still pending in the district court, Pierce filed a Motion for Clarification and Request For Ruling on Renewed Motion to Dismiss or for Summary Judgment on February 16, 1995. Ross did not oppose Pierce's motion. Finally, on April 19, 1995, the district court entered a Memorandum Opinion and Order granting Pierce summary judgment.

Finally spurred into action, Ross filed a Motion to Alter or Amend Order or Judgment, contending that his discovery was not completed and that he still needed to conduct some depositions. The district court denied that motion, noting that during the "two years that his case was pending, the plaintiff never noticed a single deposition." Ross now appeals.

Discussion

Plaintiff-Appellant Ross complains that the district court either was not aware of or did not consider Ross's discovery problems and need for additional discovery when it granted summary judgment, and that summary judgment is thus improper. Ross is correct that where the party opposing summary judgment adequately invokes Rule 56, summary judgment may be improper. *See International Shortstop v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied,* 502 U.S. 1059 (1992). However, "[t]he nonmoving party must show how the additional discovery will defeat the summary judgment motion, that is, will create a genuine dispute as to a material fact, and 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts.'" *Id.* (internal citation omitted) (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990) and *S.E.C. v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980), *cert. denied*, 449 U.S. 866 (1981)). In opposing Pierce's November 7 motion for summary judgment, Ross arguably invoked Rule 56 adequately. In response, the district court entered a scheduling order directing that all discovery be completed by February 1. The district court also ordered the defendant to respond to all discovery propounded on him by Ross, which defendant apparently did on December 19.

Even if we assume, however, that Ross adequately invoked Rule 56 against Pierce's first motion for summary judgment, he did not do so in response to Pierce's February 16 motion. A "plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, *as long as the plaintiff has had a full opportunity to conduct discovery.*" *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2514 (1986) (emphasis added). Where the plaintiff has not had adequate opportunity for discovery, summary judgment must be denied. In *Shortstop*, for example, we reversed summary judgment where the non-moving party made "multiple filings prior to the court's ruling on the motion for summary judgment, and "thrice sought a continuance of discovery and promptly alerted the district court to the discovery proceedings before the magistrate judge." 939 F.2d at 1267-68. In that case the non-moving party also requested leave to file a supplemental memorandum opposing summary judgment and "explained that the discovery it sought pertained directly to the [issue] which was the focus of" the summary judgment motion. *Id.* at 1268. In contrast, however, Ross never opposed Pierce's renewed motion for summary judgment, never sought to continue discovery in any way after December 19, and never explained what facts additional discovery might yield on the *ultra vires* issue. Despite the fact that Ross now claims he had additional discovery to do,

5

and that defendant's responses to his discovery were inadequate, he did not notice any additional depositions, request additional discovery, or file any additional motions to compel. Moreover, Ross knew the identity of all the individuals reviewing his loans at least by September 7, 1993. We can not say that Ross had inadequate opportunity to discover essential information where he had from September 1993 until April of 1995 to notice these depositions and did not. Ross neither opposed or objected to the supposedly inaccurate case status report of March 1, 1995. When the district court noted that "all discovery had been completed," it was because Ross had not noticed a single deposition or objected to discovery since December 19, nor objected to Pierce's renewed motion on the grounds that his own discovery was incomplete. In the absence of any of these actions by the party opposing summary judgment, the district court did not abuse its discretion in issuing summary judgment without affording Ross additional time for discovery. *See Carriere v. Sears, Roebuck*, 893 F.2d 98, 102 (5th Cir.), *cert. denied*, 498 U.S. 817 (1990) (four month delay in discovery justifies denial of Rule 56(f) motion and entry of summary judgment).

Finally, Ross contends that summary judgment was improper in this case because "cases which turn on the moving party's state of mind are not well suited for summary judgment." Appellant's Brief, citing *Ross v. John's Bargain Stores*, 464 F.2d 111, 115 (5th Cir.

6

1972).  Nevertheless, the plaintiff must make a showing sufficient to establish the existence of each element essential to his case.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Plaintiff's brief asserts no evidence to raise a question of fact on the *ultra vires* issue, the only issue remaining in the case.  Similarly, plaintiff's response to Pierce's summary judgment motion, filed in the district court, asserts no evidence to raise a question of fact on the *ultra vires* issue but merely concludes that such evidence might be forthcoming from discovery.  Ross does not explain what this evidence might be, nor from whom it might come.  As explained above, summary judgment was appropriately granted by the district court despite plaintiff's nebulous reference to additional discovery.

AFFIRMED.