IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20021
Summary Calendar

_____

RICHARD E. CHANEY,

Plaintiff-Appellant,

versus

BROWN & ROOT ENERGY SERVICES, INC.,
BROWN & ROOT INTERNAT'L, INC.,
BROWN & ROOT FAR EAST ENG'RS PTE
LTD. (REPUBLIC OF SINGAPORE), BROWN & ROOT, INC.,
BROWN & ROOT HOLDINGS, INC., BROWN & ROOT
TECHNICAL SERVICES, INC., BROWN & ROOT FAR EAST,
BROWN & ROOT SERV. CORP., BROWN & ROOT FAR EAST
ENG'RS PTE LTD., AND HALLIBURTON CO.,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-3540)

_____

August 4, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Richard Chaney appeals the district court's grant of Brown & Root Far East's motion to dismiss and the other defendants' motions for summary judgment. Chaney did not file responses to these motions, but instead filed a delayed Rule 56(f) motion for a continuance, which the district court denied.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the denial of a Rule 56(f) motion for abuse of discretion.  See Stearns Airport Equip. Co., Inc. v. FMC Corp., 170 F.3d 518, 534 (5th Cir. 1999).  On review of the record, we find that the district court's rulings were not an abuse of discretion.  The district court appropriately enforced its rules and correctly concluded that Chaney's Rule 56(f) motion lacked the requisite specificity.  See Washington v. Allstate Insurance Co., 901 F.2d 1281, 1285 (5th Cir. 1990) (holding that the movant must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment).

Accordingly, the judgment of the district court is AFFIRMED.