IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40765
Summary Calendar
_____

RODNEY JAMES DILWORTH,

                                        Plaintiff-Appellant,

versus

FIRST NAME UNKNOWN VANCE, Officer; S. SIMON,
Officer; P. JOHNSON, Officer; T. BOOTHER,
Officer; FIRST NAME UNKNOWN CUNDIFF, Officer;
JERRY BALLARD, Officer; ROBERT RHODES, Officer;
JOHN DOES, Officers,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(94-CV-275)
--------------------

September 2, 1999

Before POLITZ, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Rodney James Dilworth, Texas prisoner #
632515, is appealing the district court's dismissal of Defendant-
Appellants Page Johnson, Parrish Cundiff, and Jerry Ballard on
summary judgment grounds and Robert Rhodes under FED. R. CIV. P.
12(b)(6). As the district court relied on evidence presented to
the court in reaching its conclusion that Dilworth's claims were

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

without merit, we treat Rhodes's dismissal as a summary judgment. FED. R. CIV. P. 12(b); <u>Washington v. Allstate Ins. Co.</u>, 901 F.2d 1281, 1283-84 (5th Cir. 1990). In an appeal from summary judgment, we review the record *de novo*, "examining the evidence in the light most favorable to [Dilworth], the nonmovant below." <u>Duckett v. City of Cedar Park, Tex.</u>, 950 F.2d 272, 276 (5th Cir. 1992)(citation omitted). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue as to any material fact and . . . the moving part is entitled to judgment as a matter of law." <u>Amburgey v. Corhart Refractories Corp.</u>, 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. P. 56(c).

The district court's dismissal of Dilworth's claims against Johnson, Ballard, Cundiff, and Rhodes was based on conclusions that these persons did not use excessive force but only attempted to restrain Dilworth, and that Dilworth had not shown that a physical injury resulted from the encounter. With respect to both these grounds, however, the evidence presented to the court reveals the existence of genuine issues of material fact that cannot be resolved on a motion for summary judgment. <u>Amburgey</u>, 936 F.2d at 809. The dismissal of the defendants is therefore VACATED and the case REMANDED FOR FURTHER PROCEEDINGS.

Dilworth has also challenged the district court's denial of his motion to amend his complaint. Leave to amend is "by no means automatic." <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993). To deny Dilworth's motion to amend, the district court

2

could rely on the Defendants-Appellees' argument that Dilworth's motion was untimely. See, e.g. Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 320-21 (5th Cir. 1991). The district court's denial of Dilworth's motion to amend filed 27 months after the commencement of the suit and six months after we remanded the case was not an abuse of discretion.

Dilworth's final argument is that the district court failed to rule on his motion for service by publication on the three named but unserved defendants, Todd Boother, Doug Vance, and Chris Simon, as permitted under TEX. R. CIV. P. 109 (West 1999). This rule does not require the court to take any action before service is accomplished; rather, it is the duty of the clerk of court to issue citation. Moreover, Dilworth has not shown that he made a diligent attempt to locate these defendants by other means. The district court's denial of this motion was not reversible error.
AFFIRMED IN PART, VACATED AND REMANDED IN PART.