**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-10567
Summary Calendar
_____

THE MONEY STORE INVESTMENT CORP., A New Jersey Corporation,

Plaintiff-Appellee,

VERSUS

FIVE STAR HOTEL CORP., ET AL.,

Defendants,

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-1905-T)
_____

December 16, 1999

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants, who executed guaranty agreements guaranteeing the obligation of the Five Star Hotel Corporation, challenge the district court's summary judgment against them on their guaranty agreements. We find no error and affirm.

Appellants do not challenge the fact that Five Star defaulted on the underlying note or that they signed guaranty agreements guaranteeing Five Star's obligation. Rather, they argue that the district court erred in rejecting their affirmative defense that

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Money Store failed to perfect a security interest in the real property securing the underlying indebtedness and thereby failed to protect and preserve the value of the collateral. The district court correctly rejected this defense as a matter of law because the clear language of the guaranty agreements which appellants signed excluded such a defense to the guarantors.

We are also satisfied that the district court did not abuse its discretion in denying the guarantors' motion for continuance to conduct additional discovery. Appellants conducted little or no discovery in the seven months the suit was pending. Also, the appellants did not present plausible support for their belief that they would discover material that would provide them with ammunition that would defeat the summary judgment. A non-movant in the position of the appellants cannot rely on vague assertions that discovery will produce needed but unspecified facts. <u>Washington v. Allstate Insur. Co.</u>, 901 F.2d 1281, 1285 (5th Cir. 1990).

AFFIRMED.