**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-31201
Summary Calendar

**AMY L. DILLARD,**

**Plaintiff-Appellant,**

**versus**

**ALBERTSON'S, INC., ET AL.,**

**Defendants-Appellees.**

Appeal from the United States District Court
for the Western District of Louisiana
Lower Court Number 98-CV-1644

July 7, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant, Amy Dillard, filed a complaint against her former employer, Albertson's, Inc., and its insurer, alleging wrongful termination, intentional infliction of emotional distress, and defamation under Louisiana law.[1] The case was removed to federal court. After denying Dillard's procedural attempts to add nondiverse defendants and to remand to state court, the district court granted summary judgment in favor of Albertson's. Finding no error in the disposition of Dillard's procedural motions, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except for the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Dillard also asserted due process and equal protection claims, which she voluntarily dismissed.

Dillard first asserts that the court erred in requiring her to seek leave to amend her complaint to add defendant Robert Pierce, when, pursuant to Rule 15(a), no leave is required if the amendment precedes the defendant's answer on the merits. That argument would be persuasive except that 28 U.S.C. § 1447(e) specifically confers on the district court the responsibility to scrutinize attempted joinder of non-diverse parties in cases previously removed to federal court. The magistrate judge correctly required a motion, applied the correct legal standards and concluded that granting the motion would be improper on the facts before him. The district court endorsed his reasoning. Appellant has shown no factual error or ground for abuse of discretion in the denial of her proffered amendment.

Likewise, the trial courts' refusal of Dillard's second motion to amend and add Ms. Authur as a nondiverse defendant a year after the litigation commenced was, not an abuse of discretion.

Finally, the district court did not abuse its discretion in denying Dillard's Motion for Extension of Time to Oppose Defendant's Motion for Summary Judgment. Rule 56 does not require that discovery be closed before a motion for summary judgment can be heard. See Fed. R. Civ. P. 56. Moreover, Dillard's bare contention that she needed to take more depositions, without detailing how such deposition testimony would raise a genuine issue of material fact, was insufficient to satisfy Rule 56(f)'s standard for granting a continuance. See Fed.R.Civ.P. 56(f); see also Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir.

1990)(finding that a party seeking additional time for discovery must specifically demonstrate how postponement of a ruling on the summary judgment motion would enable him to rebut the movant's showing of an absence of material fact).

Because Dillard's procedural motions were properly denied, the district court did not err in considering and granting summary judgment for Albertson's. Accordingly, the order granting summary judgment in favor of Albertson's is **AFFIRMED.**