IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60167
Summary Calendar
_____

SHARI LEBLANC, Individually, as Personal Representative of
all Wrongful Death Beneficiaries and as Administratix of the
Estate of Mary Ann Pruitt,

         Plaintiff - Appellant

   v.

JEFF HOLMES, Individually and in His Official Capacity as a
Member of the Arkansas State Police; J.D. KETCHUM, Individually
and in His Official Capacity as a Member of the Arkansas State
Police; JAY THOMPSON, Individually and in His Official Capacity
as a Member of the Arkansas State Police; JAMES A. SPEER,
Individually and in His Official Capacity as a Member of the
Arkansas State Police; BRAD PERKINS, Individually and in His
Official Capacity as a Member of the Arkansas State Police

         Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:98-CV-127
--------------------
November 21, 2000

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Shari LeBlanc, as representative of the estate of Mary Ann

Pruitt, appeals the district court's grant of the Appellees'

motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  In

particular, LeBlanc contends that the district court erred in

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

finding that the Appellees were entitled to qualified immunity by by determining that their conduct was objectively reasonable.

In her responsive pleading to the Appellees' motions to dismiss, LeBlanc submitted various exhibits, including copies of responses to interrogatories, police training records, incident reports, and a coroner's report. The record indicates that the district court relied upon at least some of these exhibits when reaching its decision. Accordingly, the *de novo* summary judgment standard or review applies to this case. See Fed. R. Civ. P. 12(b); Washington v. Allstate Ins. Co., 901 F.2d 1281, 1283-84 (5th Cir. 1990).

We have reviewed the record and briefs submitted by the parties and find that the Appellees' conduct did not violate Pruitt's procedural and substantive due process rights. County of Sacramento v. Lewis, 523 U.S. 833, 848-50 (1998); Wagner v. Bay City, Tx,__ F.3d __, 2000 WL 1282564 *35 (5th Cir. Sept. 27, 2000). The most that could be said about the Appellees' conduct (and we would not be prepared to say it) is that it may have been in some respect negligent; it does not rise to the level of deliberate indifference. Accordingly, the district court correctly held that the Appellees were entitled to qualified immunity.

AFFIRMED.