IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10544
Summary Calendar
_____

J. KEITH ROSE, M.D.,

Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL SCHOOL AT DALLAS;
ROD J. ROHRICH, M.D.; FRITZ E. BARTON, M.D.; A. JAY BURNS,
M.D.; H. STEVE BYRD, M.D.; DONNELL F. JOHNS, PhD.; PHILIP L.
KELTON, JR., M.D.; JEFFREY M. KENKEL, M.D.; WILLIAM ADAMS, M.D.;
SCOTT N. OISHI, M.D.; HARRY H. ORRENSTEIN, M.D.; SAM BERAN, M.D.;
ILDIKO GYIMESI, M.D.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-1754-G
--------------------
February 22, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Keith Rose appeals the district court's summary judgment order
dismissing his suit filed after his termination from a plastic
surgery residency program at the University of Texas Southwestern
Medical School. Rose alleges that: 1) the district court abused
its discretion when it ruled on the summary judgment motion before

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

Rose obtained and submitted certain medical records; 2) he was denied procedural due process because the school and its faculty did not follow its internal policies regarding student evaluations; 3) the school was not entitled to Eleventh Amendment immunity with respect to his claims seeking reinstatement and attorney's fees; 4) the individual faculty members were not entitled to qualified immunity or statutory immunity under the Health Care Quality Improvement Act; and 5) there was evidence demonstrating a genuine issue of material fact with respect to the nature of his termination. Rose asserts the decision was not based upon his deficient performance during his plastic surgery residency but upon animosity between the chairman of the plastic surgery department and himself.

Our *de novo* review of the record reveals that the district court's determination as to all of Rose's claims should be affirmed. The district court did not abuse its discretion in ruling on the summary judgment motion without the requested medical records. *See* FED. R. CIV. P. 56(f); Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990)(holding that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.)

Additionally, neither Rose's procedural nor his substantive due process rights were violated. Rose was informed of his probationary status for deficient performance, and, upon

termination, he was afforded a hearing during which he was allowed to question and present witnesses. Rose was given more process than was owed under the circumstances. *See* <u>Board of Curators of University of Missouri v. Horowitz</u>, 435 U.S. 78, 86 (1978)(holding that "[t]he need for flexibility is well illustrated by the significant difference between the failure of a student to meet academic standards and the violation by a student of valid rules of conduct. This difference calls for far less stringent procedural requirements in the case of an academic dismissal); <u>Wheeler v. Miller</u>, 168 F.3d 241, 247-51 (5th Cir. 1999). Rose was therefore not entitled to any prospective relief.

Finally, Rose's challenges to the district court's determination that the medical school and its individual faculty members were entitled to Eleventh Amendment and qualified immunity are without merit. <u>Shaboon v. Duncan</u>, 252 F.3d 722, 728-32 (5th Cir. 2001).

AFFIRMED.