IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40873
Summary Calendar
_____

RLN INDUSTRIES, INC.,

                    Plaintiff,

versus

TEXAS COMBUSTION SYSTEMS, INC., ET AL.,

                    Defendants,

TEXAS COMBUSTION SYSTEMS, INC.; MIKE MURPHY,
individually,

                    Defendants-Third Party Plaintiffs-Appellants,

versus

GILBERT L. GOMEZ, Sergeant,

                    Third Party Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CV-727
--------------------
April 23, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Texas Combustion Systems, Inc. (TX Combustion) and Mike

Murphy appeal the district court's grant of summary judgment and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissal of their counterclaims against Sergeant Gilbert Gomez. They argue that Sergeant Gomez violated their due process rights when, under a threat of arrest, he forced Murphy to return equipment to the premises of RLN Industries, Inc. (RLN). Murphy and TX Combustion also contend that the district court abused its discretion when it denied their request to continue consideration of the summary judgment motion to allow additional discovery.

Our de novo review of the record reveals that the district court was correct in determining that Sergeant Gomez's actions were not unreasonable, that he was protected by qualified immunity and official immunity, and that TX Combustion's and Murphy's conversion claim was without merit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); FED. R. CIV. P. 56(c); Mangieri v. Clifton, 29 F.3d 1012, 1016 (5th Cir. 1994). The district court also did not abuse its discretion in denying the motion to continue the summary judgment motion to allow additional discovery. See FED. R. CIV. P. 56(f); Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990); Pierce v. Smith, 117 F.2d 866, 871 n.5 (5th Cir. 1997).

AFFIRMED.