**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 5, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60858
Summary Calendar

DEAN KELLY,

Plaintiff-Appellant,

versus

BEAU RIVAGE RESORTS, INC., JAMES KESSELL,
ERIC NEWTON, and JOHN DOES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:04-CV-0055
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Dean Kelly appeals from the dismissal on summary judgment of his claims stemming from an incident at a modeling event at the Beau Rivage resort in Mississippi in which the plaintiff was arrested for trespassing. Plaintiff objects that the district court erred in denying his request for additional discovery under Rule 56(f) and in granting summary judgment on his claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The denial of a Rule 56(f) motion by a district court is reviewed for abuse of discretion. Beattie v. Madison County Sch. Dist., 254 F.3d 595, 605 (5th Cir. 2001). The plaintiff must show how the additional discovery will defeat summary judgment and create a genuine dispute as to a material fact. Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285-86 (5th Cir. 1990). The district court here held that the plaintiff's efforts to conduct discovery relating to an Beau Rivage identification badge allegedly used by the plaintiff to attract women in a bar were immaterial to the issues on summary judgment. Plaintiff contends that this discovery was relevant to whether Beau Rivage had a "good faith belief in the Plaintiff's guilt" in misusing its badge, part of the basis for its decision to eject him. The district court did not abuse its discretion. Mississippi law allows a business to eject individuals from their premises. MISS. CODE ANN. § 97-23-17 (1972). Discovery on the question of why Beau Rivage chose to eject the plaintiff is not material to the question of whether, after he was ordered to leave, the plaintiff committed trespass.

Plaintiff also objects that the district court erred in granting summary judgment. We review de novo. Facility Ins. Corp. v. Employers Ins. of Wausau, 357 F.3d 508, 512 (5th Cir. 2004). The district court did not err in granting summary judgment on the claims. As to the malicious prosecution claim for arresting plaintiff for trespassing, it is undisputed that plaintiff was instructed to leave and video evidence demonstrated that afterwards

the plaintiff refused to leave and attempted to walk past security. This suffices to show probable cause to arrest the plaintiff for trespass. The plaintiff's false arrest, false imprisonment, and negligent and intentional infliction of emotional distress claims were properly dismissed for the same reason. The district court did not err in dismissing the assault and battery claim, as the arrest was lawful and reasonable force was permissible in conducting that arrest. The negligent supervision claim was properly dismissed because its success depends on proving the other claims. The district court properly dismissed plaintiff's invasion of privacy claim because the plaintiff's expectation of privacy was outweighed by the defendant's interest in maintaining control over the plaintiff until he complied with the order to leave the property. The plaintiff's claim for conversion of a ring allegedly in his backpack was properly dismissed because he has produced no affirmative factual evidence supporting the claim. The judgment of the district court is AFFIRMED.