# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2016

No. 15-41256

Lyle W. Cayce
Clerk

INTERCITY AMBULANCE EMERGENCY MEDICAL TECHNICIANS, LLC; JUSTIN OAKERSON, Individually,

Plaintiffs–Appellants,

v.

CITY OF BROWNSVILLE, TEXAS,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CV-58

Before HIGGINBOTHAM, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Treating Appellants' Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition is DENIED, but we withdraw the prior opinion and substitute the following, which is amended only as to Subpart II(A).

In April 2014, Intercity Ambulance Emergency Medical Technicians, LLC ("IAEMT"), a privately owned ambulatory service, and IAEMT's president and principal stockholder, Justin Oakerson, sued the City of Brownsville

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-41256

("City") after an IAEMT employee was cited for violating a City ordinance. The district court granted summary judgment in favor of the City. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 2014, an IAEMT employee was cited for violating a City ordinance that required that all private ambulance companies working within the City be licensed by the City. When the employee appeared in court to address the citation, he was cited for two additional violations of the ordinance. All three citations were ultimately dismissed.

In April 2014, IAEMT and Oakerson filed suit against the City, claiming that the citations issued to IAEMT's employee were issued in retaliation for Oakerson's involvement in a state court suit between the City and the Brownsville Firefighters Association IAFF Local 970 ("BFA"). In the state court suit, the BFA designated Oakerson as an expert witness, but the suit settled before Oakerson ever had the opportunity to testify.

In their amended complaint, IAEMT and Oakerson (collectively, "Plaintiffs") asserted numerous causes of action against the City, including several constitutional claims. The City filed a motion for summary judgment in June 2015. Plaintiffs filed a cross-motion for partial summary judgment. The district court granted the City's motion and denied Plaintiffs' motion. Plaintiffs timely appealed.

## II. DISCUSSION

The district court had jurisdiction over this suit under 28 U.S.C. § 1331. Our Court has jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of a district court's grant of summary judgment is de novo, viewing "all facts and evidence in the light most favorable to the non-moving party." *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

2

to judgment as a matter of law." Fed. R. Civ. P. 56(a). When "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment is improper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

After dismissing several of Plaintiffs' claims, only three issues remained at summary judgment: 1) Oakerson's First Amendment retaliation claim; 2) Plaintiffs' equal protection claim; and 3) Plaintiffs' request for equitable and declaratory relief. The district court granted summary judgment as to each, and we affirm.

## A.     First Amendment Retaliation

Oakerson argues that the City retaliated against him for asserting his First Amendment right to testify as an expert witness in the state court suit between the BFA and the City. He argues that the City retaliated against him in two distinct ways: 1) by citing an IAEMT employee for operating an IAEMT ambulance in violation of a City ordinance and 2) by actively interfering with IAEMT's relationships with its customers.

As a preliminary matter, Oakerson argues that the district court's grant of summary judgment was premature because the deposition of his damages expert was not fully transcribed. But, Oakerson's argument is without merit. If Oakerson felt that he could not properly defend against the City's motion for summary judgment without additional time to complete discovery, Federal Rule of Civil Procedure 56(d) provided him with an appropriate remedy. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).[1] Because Oakerson failed to file an affidavit or declaration requesting additional

---

[1] The relief provided by Federal Rule of Civil Procedure 56(d) was previously found under subsection (f) of the same rule. Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment.

No. 15-41256

discovery under Rule 56(d), his argument that the district court prematurely granted summary judgment is waived. *See* Fed. R. Civ. P. 56(d); *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999).

In its motion for summary judgment, the City alleged that Oakerson did not have standing to bring a First Amendment claim. In response, Oakerson appears to have argued that he has standing because any injury suffered by IAEMT was an injury suffered by Oakerson individually. The district court held that even assuming Oakerson and IAEMT can be treated as a single entity for the purpose of establishing standing, Oakerson still failed to demonstrate that he or IAEMT suffered a cognizable injury.

Oakerson bears the burden of demonstrating he has standing to bring a First Amendment claim. *See Duarte ex rel. Duarte v. City of Lewisville*, 759 F.3d 514, 517 (5th Cir. 2014). "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Central to this limitation is the requirement that plaintiffs must have standing to bring a claim. *Id.* To establish standing, Oakerson must demonstrate that he 1) "suffered an 'injury in fact'" that is 2) "'fairly traceable' to the [City's] actions" and 3) "the injury will 'likely . . . be redressed by a favorable decision.'" *Pub. Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001) (second alteration in original) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The injury must affect Oakerson in a "personal and individual way." *Lujan*, 504 U.S. at 560 n.1.

In reviewing a motion to dismiss, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Pub. Citizen*, 274 F.3d at 218 (quoting *Lujan*, 504 U.S. at 561). But, at summary judgment, Oakerson cannot "rest on . . . 'mere allegations.'" *Lujan*, 504 U.S. at 561 (quoting Fed. R. Civ. P. 56(e)). He "must 'set forth' by affidavit or other evidence 'specific facts'," *id.* (quoting Fed. R. Civ. P. 56(e)), "that, if true, would demonstrate an injury

4

in fact that is fairly traceable to the defendant's conduct and likely to be redressed by a favorable ruling," *Prison Legal News v. Livingston*, 683 F.3d 201, 212 (5th Cir. 2012). On appeal, Oakerson argues that his affidavit is sufficient to demonstrate that he suffered an injury in fact. ***See* Blue Br. 23.** We disagree. The affidavit describes his injury in the following general and conclusory terms:

> [M]y ambulance company suffer[ed] substantial losses which directly effect my ability to provide for myself and my daughter, but I was more fearful of what the Fire Chief would do next if I continued to allow my ambulances [to] transfer patients into and out of the City of Brownsville because of my expert designation and testimony and the City of Brownsville.

**ROA.1561.** As such, Oakerson's affidavit has failed to allege facts specific enough to support an injury in fact at this stage of litigation. *See Lujan*, 504 U.S. at 561.

Oakerson points to two additional pieces of evidence that he argues demonstrate that he suffered an injury in fact. First, he contends that an expert report on damages illustrates the financial loss suffered by Plaintiffs as a result of the City's actions. Second, he argues that a medical report provided to the City's counsel details the "mental and emotional harm caused by the actions of the City." But, Oakerson failed to designate either report as summary judgment evidence in Plaintiffs' response to the City's motion for summary judgment or in support of Plaintiffs' motion for partial summary judgment. In fact, Oakerson concedes that the medical report was never even introduced into the district court record. Because Oakerson failed to bring either piece of evidence to the court's attention in its response to the City's motion for summary judgment, these arguments are waived on appeal. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005).

No. 15-41256

Even assuming, as the district court did, that IAEMT and Oakerson can be treated as a single entity for standing purposes, Oakerson has failed to establish that he or IAEMT suffered an injury in fact. As Oakerson has failed to satisfy Article III's standing requirements, the district court's grant of summary judgment on Oakerson's First Amendment claim is affirmed.

**B.    Equal Protection Claim**

In their amended complaint, Plaintiffs claim that the City's failure to cite other ambulatory service companies for operating without a license is a violation of the Fourteenth and Fifteenth Amendments. But, Plaintiffs have abandoned this claim. The passing references in their brief are insufficient to preserve any argument related to either amendment on appeal. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." (quoting *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 327 F. App'x 472, 483 (5th Cir. 2009))).  Therefore, the district court's grant of summary judgment on Plaintiffs' equal protection claim is affirmed.

**C.    Equitable and Declaratory Relief**

Plaintiffs seek both equitable and declaratory relief. First, Plaintiffs seek a declaration that the City "equitably licensed" them to operate within its limits. Second, Plaintiffs seek an injunction requiring the City to issue them an official license to operate. Third, Plaintiffs argue that the City implicitly granted IAEMT a license to operate within City limits under the theory of equitable estoppel. The district court granted summary judgment on all three claims.

On appeal, Plaintiffs fail to distinguish between the various forms of equitable and declaratory relief requested. Plaintiffs seem to argue that summary judgment was improper simply because Plaintiffs sought equitable and declaratory relief at all. We find this argument unavailing. Plaintiffs have

failed to provide any specific arguments as to how they are entitled to declaratory or injunctive relief. Similarly, Plaintiffs have failed to provide any specific arguments related to their equitable estoppel claim. As Plaintiffs have failed to raise a genuine dispute of material fact that they are entitled to any form of equitable or declaratory relief, the district court's grant of summary judgment is affirmed.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.