# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-60466
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2024

Lyle W. Cayce
Clerk

Fredrick Wells,

*Plaintiff—Appellant*,

*versus*

*Pike County*; Sheriff Kenny Cotton, Pike County;
Investigator Chris Bell; Lieutenant Lumpkins, *Pike County Jail*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:19-CV-124

———————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Frederick Wells, Mississippi prisoner # L5261, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint in which he alleged the commission of various constitutional violations by the defendants. Wells's claims arose following his arrest pursuant to a traffic stop, when he was

——————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

injured after being attacked by a group of inmates while incarcerated at Pike County Jail.

Wells argues that the district court erred in sua sponte granting summary judgment without providing him an opportunity to present evidence or conduct proper discovery. He also argues that the district court erred in alternatively concluding that he had not exhausted administrative remedies without granting his requests for discovery.

We review de novo a district court's grant of summary judgment. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). In addition, we review a district court's decision to preclude further discovery for an abuse of discretion. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993). Because Wells has not shown that the district court erred in granting summary judgment on the merits, we do not reach Wells's contentions regarding exhaustion.

The district court provided adequate notice of its intent to grant summary judgment and gave Wells reasonable time to respond. *D'Onofrio v. Vacation Pubs., Inc.*, 888 F.3d 197, 210 (5th Cir. 2018). Therefore, the district court was permitted to grant summary judgment sua sponte. Further, the district court allowed Wells to fully develop his constitutional claims. Despite Wells's suggestion otherwise, Federal Rule of Civil Procedure 56 does not require that any discovery take place before summary judgment can be granted. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Wells, who was represented by counsel for a significant period, had ample time to request discovery while the case was pending. Even further, after the court provided notice of its intent to grant summary judgment, Wells did not file an affidavit identifying any specific information that he sought to obtain from the defendants through discovery or explain how that evidence or any other evidence would have been sufficient to establish a

genuine issue of material fact to preclude summary judgment. *See* Fed. R. Civ. P. 56(d)(2). He may not make such arguments for the first time here. *See Krim*, 989 F.2d at 1443.

Wells fails to provide any meaningful challenge to the dismissal of his claims of failure to protect and to provide medical care, and has abandoned his other constitutional claims by failing to brief them at all. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). And to the extent he challenges the grant of summary judgment on the merits, he has shown no error.

The judgment of the district court is AFFIRMED.