IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20086
_____


PHILLIP D BENKERT

                                        Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL.,

                                        Defendants

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

                                        Defendant-Appellee

_____

Appeal from the United States District Court
for the Southern District of Texas
Docket No. H-98-CV-4122
_____

August 22, 2000

Before KING, Chief Judge, and SMITH and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Phillip Benkert, proceeding pro se,

appeals the district court's entry of summary judgment in favor

of his employer, Defendant-Appellee Texas Department of Criminal

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Justice ("TDCJ"). For the following reasons, we vacate the district court's grant of summary judgment.

## I.

Benkert is a Lieutenant of Correctional Officers at TDCJ. Benkert filed a report with TDCJ in June 1996, alleging that one of his supervisors had violated Title VII. After that report was filed, Benkert alleges that TDCJ retaliated against him. Specifically, Benkert claims that his job duties were decreased, and that he was given unfair evaluations, denied leave time, and denied a promotion for which he had applied. After filing a complaint with the Equal Employment Opportunity Commission, Benkert received a right to sue letter and subsequently filed suit against TDCJ in federal district court on December 10, 1998.

TDCJ filed motions for summary judgment in July and September of 1999, and both motions were denied. Then, in November 1999, TDCJ filed a "Motion to Reconsider Denial of Motion for Summary Judgment and First Supplemental Motion for Summary Judgment Attaching Additional Evidence." This motion included affidavits and other documentary evidence. Benkert replied to this motion, but his reply did not include any rebuttal affidavits or other evidence, and instead merely rested on the pleadings. On November 24, 1999, TDCJ filed a "Supplemental Motion for Summary Judgment with Additional Attachments." This motion was also accompanied by affidavits and

documentary evidence. Benkert never filed a reply to this motion.

According to Benkert, around this time relations between Benkert and his attorney, Woodrow Epperson, were rapidly deteriorating. Having failed to secure a written contract from Epperson, Benkert was locked in a dispute with Epperson over fees and strategy. On December 16, 1999, without ever filing a reply to TDCJ's November 24 motion for summary judgment, Epperson moved to withdraw as Benkert's attorney of record. The next day, Benkert, acting pro se, filed a "Motion for Continuance to Substitute Legal Counsel." The district court, without ruling on either Epperson's motion to withdraw or Benkert's motion for a continuance, granted TDCJ's supplemental motion for summary judgment on January 4, 2000. Benkert timely appeals.

## II.

We will liberally construe a pro se appellant's arguments on appeal. See Chriceol v. Phillips, 169 F.3d 313, 315 n.2 (5th Cir. 1999). Thus, we read Benkert's brief to argue that the district court erred in failing to consider his motion for a continuance prior to considering, and granting, TDCJ's supplemental motion for summary judgment. We agree.

It does not appear that the district court ever ruled on Benkert's motion for a continuance. We believe that Benkert's motion raised issues that warranted further inquiry by the

3

district court.  Specifically, the district court should have inquired into the problems between Benkert and Epperson; Benkert's ability to retain new counsel; and Benkert's ability to respond to the motion for summary judgment.  If the allegations raised by Benkert in his motion are true, it may have been appropriate to delay ruling on TDCJ's motion for summary judgment.

On appeal, TDCJ argues that Benkert has waived any right to contest the district court's decision to rule on the summary judgment motion.  TDCJ contends that Benkert's motion never properly asked for an enlargement of time in which to respond to the motion for summary judgment, but merely requested that the district court postpone the trial.  Benkert's motion belies that argument.  Contrary to TDCJ's argument, the motion did not overtly request a trial continuance.  Indeed, the motion's only allusions to the trial are a reference to the trial date and to Benkert's belief that Epperson was not prepared for trial.  Taken as a whole, Benkert's motion is fairly construed as a request that the court delay any final decision in the case.

When a party opposing summary judgment is not presently able to present adequate rebuttal evidence under Rule 56(e), the court may "refuse the application for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."  Fed. R. Civ. P. 56(f).  The Supreme Court directs that

4

pleadings filed by a pro se litigant are to be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Viewing Benkert's motion to the district court in a liberal light, it is properly construed as a Rule 56(f) motion requesting that the district court delay consideration of TDCJ's motion for summary judgment and allow Benkert additional time to file rebuttal evidence.[1]

Rule 56(f) motions "are generally favored, and should be liberally granted."  Stearns Airport Equip. Co., Inc. v. FMC Corp., 170 F.3d 518, 534 (5th Cir. 1999).  Given the allegations raised in Benkert's motion for a continuance, we believe that the district judge should have made further inquiry into the issues raised in Benkert's motion prior to ruling on TDCJ's motion for summary judgment.

The allegations in Benkert's motion for a continuance set out a host of problems he had been having with his attorney.

---

[1]  A party submitting a Rule 56(f) motion is expected to submit an affidavit in support of the motion and some courts have found that failure to do so is grounds for refusing to grant a continuance.  See, Gurary v. Winehouse, 190 F.3d 37, 43-44 (2d Cir. 1999).  In this case, Benkert failed to submit a supporting affidavit with his motion.  This court, however, has observed that "[w]hile a party's failure to comply with Rule 56(f)['s affidavit requirement] does not preclude consideration of the motion, some equivalent statement, preferably in writing . . . is expected."  Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986) (footnote ommitted); accord Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990).  Given Benkert's pro se status and the statements contained in the motion for a continuance, we find that his failure to submit an affidavit with his motion was not fatal.

Initially, we note that Epperson failed to file rebuttal evidence to TDCJ's first supplementary motion for summary judgment. The Federal Rules of Civil Procedure make abundantly clear the dangers facing a litigant who responds to a summary judgment motion containing supplemental affidavits by merely resting on his earlier pleadings, dangers of which Epperson should have been well aware. See Fed. R. Civ. P. 56(e). Furthermore, Benkert's motion recognized that some sort of evidence needed to be presented to rebut TDCJ's summary judgment motions and it suggested that such evidence was presently available, but that Epperson had failed to present it to the court. According to Benkert, Epperson allegedly advised Benkert that there was no point in submitting any evidence in response to TDCJ's motion because it had already been denied and because it would alert TDCJ to the nature of his evidence. Lastly, Epperson filed no response to TDCJ's November 24 supplemental summary judgment motion, but stated in his December 16 motion to withdraw - inaccurately, as best we can tell - that a response to TDCJ's summary judgment motion had been filed.

Moreover, the record does not indicate, and TDCJ does not argue, that Benkert's motion was filed for any reason other than to request that the court defer ruling on an outstanding summary judgment motion so that a litigant suddenly abandoned by his counsel might obtain substitute representation and properly reply to the outstanding motion. It does not appear that Benkert had

6

previously tried to delay these proceedings or acted in a dilatory fashion. Nor is there any indication that Epperson's motion to withdraw and Benkert's subsequent motion for a continuance were motivated by some nefarious plan to foist added delay and expense upon TDCJ.

The allegations in Benkert's motion outlining the conflicts with his attorney, along with the lack of any history of delays or dilatory tactics by Benkert, suggest to us that further inquiry by the district court is warranted. As such, we vacate the district court's entry of summary judgement so that the district judge may properly consider Benkert's motion for a continuance. We emphasize that we decide only that the district judge should have made further inquiry about Benkert's problems with his counsel, his ability to retain new counsel and his ability to respond (with or without counsel) to the summary judgment motion. We do not, however, venture an opinion as to what the outcome of further inquiry by the district court should be. Nor do we preclude the entry of summary judgment at the conclusion of that inquiry or at a later date.

### III.

For the above stated reasons, we VACATE the district court's entry of summary judgment and remand for consideration of Benkert's motion for a continuance. Costs shall be borne by TDCJ.