IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50634
Conference Calendar
_____


ROBERT ROBINSON,

                                        Plaintiff-Appellant,

versus


ROD RYAN, DR.; JIMMY STONE, Grievance Officer, McLennan
County Jail; JOHNNY MYNAR, Captain; MARSHA RODDY, also known
as NFN Marsh, Head Nurse; DARLENE LNU, Nurse,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-386
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Robert Robinson, Texas prisoner #894530, seeks leave to
proceed in forma pauperis (IFP) following a certification
pursuant to 28 U.S.C. § 1915(a)(3) that his appeal is taken in
bad faith.  We note initially that the district court relied in
part on evidence outside of the pleadings when dismissing
Robinson's complaint for failure to state a claim.  The dismissal

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

operated as a grant of the defendants' summary-judgment motion. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1283-84 (5th Cir. 1990).

Robinson contends that some of the defendants were deliberately indifferent to his serious medical needs; that jail grievance procedures somehow were inadequate; and that telephone policies violated his First Amendment rights. Robinson's allegations regarding his medical care suggest negligence at most; he has failed to indicate a nonfrivolous issue regarding medical care. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Robinson has failed to brief his grievance contention for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Robinson did not complain in the district court about jail telephone policies. We will not consider his contention, which was not raised in the district court. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 982 (2000).

Robinson's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of Robinson's appeal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). Because the district court's dismissal for failure to state a claim acted as a grant of summary judgment, the district court's judgment does not count as a "strike." Robinson is cautioned that once he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is imprisoned "unless [he] is under imminent danger of serious physical injury." § 1915(g).

IFP DENIED.  APPEAL DISMISSED.  5TH CIR. R. 42.2.