IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-20812
Summary Calendar

CLINTON BOWERS

Plaintiff-Appellant

V.

JIM NICHOLSON, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1910

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Clinton Bowers, a veteran, applied to the Department of Veterans Affairs (DVA) for two positions, Supply Technician and Cemetery Representative. After learning that he had not been selected, he filed two informal complaints with the Office of Resolution Management (ORM). The Equal Opportunity Employment (EEO) counselor working on Bowers' case claims that she could not reach Bowers, so she sent him an Unreachable Notice, a Notice of Rights and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Responsibilities, an Alternative Dispute Notice, and a Notice of Withdrawal for each of his complaints and allegedly placed bright green sticky notes on the withdrawal forms, indicating that he should only sign the withdrawal forms if he did not want to follow through with his complaints. Bowers argues that there were not any green notes attached to the forms. Bowers signed the withdrawal forms and sent them back to the EEO counselor, who then notified Bowers that his complaints were closed because he had withdrawn them. Bowers called the counselor asking why the complaints were closed and stating that he had mistakenly signed the withdrawal forms. She then sent him forms for formal complaints, which he filed. ORM dismissed the complaint, finding that Bowers had withdrawn his informal complaints.

Bowers appealed to the Equal Employment Opportunity Commission (EEOC), which also dismissed Bowers' complaint, refusing to accept that Bowers had mistakenly signed the withdrawal forms. Bowers appealed to the district court, claiming that the DVA discriminated against him in reprisal for his former EEOC complaints and that this violated the Rehabilitation Act of 1973,[1] the Age Discrimination in Employment Act of 1967 (ADEA),[2] and Title VII of the Civil Rights Act of 1964.[3] He requested damages of $300,000 for each alleged discriminatory denial. Defendants filed a motion to dismiss or alternatively for summary judgment and attached to the motion exhibits on matters outside of the pleadings. The district court found, "Although defendant has not identified the procedural basis on which he seeks dismissal, his assertion that this action was untimely filed indicates that he seeks dismissal for failure to state a claim

---

[1] 29 U.S.C. § 791 et seq.

[2] 29 U.S.C. § 621 et seq.

[3] 42 U.S.C. § 2000e et seq.

under Federal Rule of Civil Procedure 12(b)(6)."[4]  Finding that more than ten days had passed since Defendant filed the exhibits and that Bowers had not objected to the exhibits, the court found, "Rule 12(b) directs the court to treat the motion as one for summary judgment and to dispose of it under Rule 56,"[5] citing Rule 12(b) and Washington v. Allstate Insurance Co.[6]  The court held that Title VII, the ADEA, and the Rehabilitation Act all require exhaustion of administrative remedies and that Bowers had failed to exhaust by knowingly and voluntarily withdrawing his claims before the completion of the EEO process.  It dismissed Bowers' claims with prejudice.

On appeal, Bowers argues that the district court erred in treating Defendants' motion to dismiss as a 12(b)(6) motion when Defendants failed to identify the procedural basis for their motion for dismissal and alternatively for summary judgment.   He also argues that the district court erred in dismissing the case for failure to exhaust administrative remedies, since Bowers mistakenly signed the withdrawal forms and indicated to his counselor that he wished to continue pursuing his claims.

> We review the district court's dismissal of the claims de novo:
>
> When a district court treats a Rule 12(b)(6) motion as a motion for summary judgment under Rule 56(c) because matters outside the pleadings are presented to and not excluded by the court, we review the grant of such a motion just as we would any other grant of

---

[4] Bowers v. Nicholson, 2007 WL 3047223 at *3 (S.D. Tex. October 18, 2007) (slip copy).

[5] Id. at *4.

[6]  901 F.2d 1281, 1283-84 (5th Cir. 1990).  See id. at 1284 (quoting  Clark v. Tarrant County, Texas, 798 F.2d 736, 746 (5th Cir.1986)) ("'Rule 56(c) requires that the nonmovant have 10 days within which to respond to a motion for summary judgment. However, "[u]nder Rule 56 it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence.'").

summary judgment-that is, we review the grant of summary judgment de novo and apply the same legal standards as the district court. Accordingly, summary judgement is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Further, we construe all evidence in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes.[7]

We are not persuaded that the district court erred in its decision. As the district court found, all three of the statutes that support Bowers' discrimination claims require exhaustion of administrative remedies,[8] and Bowers failed to exhaust his remedies by withdrawing his claims. Bowers does not argue that he was coerced into signing these forms, but rather that he mistakenly signed them. Even assuming, as Bowers argues, that there were no green sticky notes alerting Bowers to the fact that he would withdraw his claims if he signed the forms, the text of the forms provided a clear warning. On top, in large bold print, the withdrawal form states, "NOTICE OF WITHDRAWAL OF EEO COMPLAINT." The text directly above the signature line reads, "I hereby withdraw this complaint of discrimination and wish to close the complaint at the informal level. I am making this decision of my own free will and without coercion." As the district court found,

> "A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did

---

[7] Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 (5th Cir. 1997) (citations omitted) (quoting Fed.R.Civ.P. 56(c)).

[8] Bowers, 2007 WL 3047223 at *5 - *6 (citing 29 C.F.R. §§ 1614.101-1614.607 (describing administrative requirements under Title VII); Rivera v. Heyman, 157 F.3d 101, 104 (2d Cir.1998) (holding that plaintiffs under the Rehabilitation Act must exhaust Title VII remedies); Wrenn v. Secretary, Dep't of Veterans Affairs, 918 F.2d 1073, 1078 (2d Cir.1990) (holding that employees must exhaust administrative remedies for an ADEA claim)).

not read it, or that it was not explained or that he did not understand it."[9]

Because Bowers withdrew his claims, he failed to exhaust his administrative remedies; the district court did not err in dismissing his claims on this basis. Although Bowers appealed the ORM's dismissal of his initial complaints and obtained a final agency decision, the decision did not address the merits of his discrimination case due to his earlier withdrawal of the claims.

Nor do we find error in the district court's treatment of Defendants' motion to dismiss and alternatively for summary judgment as a 12(b)(6) motion, which the court then converted to a Rule 56(c) motion. Bowers does not contest the conversion of the motion from a 12(b)(6) to a Rule 56(c) motion but rather the initial treatment of the motion as a 12(b)(6) motion, despite Defendants' failure to label the motion as such. Defendants argued in the motion that Bowers had failed to exhaust his administrative remedies and that his complaint was untimely. "Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust,"[10] as well as a claim that a complaint was untimely filed.[11] Although the court ultimately dismissed the claims under Rule 56(c), it correctly initially construed the motion as a 12(b)(6) motion.

Bowers also disputes various dates, such as the timing of the Agency's decision regarding Bowers' withdrawal forms as well as the dates when he spoke with the EEO counselor. None of these disputed facts are material.

AFFIRMED.

---

[9] 2007 WL 3047223 at *8 (quoting In re Cajun Electric Power Co-Op, Inc., 791 F.2d 353, 359 (5th Cir. 1986)).

[10] Martin K. Eby Const. Co., Inc v. Dallas Area Rapid Transit, 369 F.3d 464, 467 n.4 (5th Cir. 2004).

[11] See, e.g., Martin v. Demma, 831 F.2d 69, 70 (5th Cir. 1987) (addressing a 12(b)(6) motion for dismissal for untimely filing of a complaint).