# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2010

No. 09-11172
Summary Calendar

Lyle W. Cayce
Clerk

PERCY FOREMAN,

Plaintiff-Appellant

v.

DAVID POTTER; ANDREW GREEN,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:07-CV-151

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Percy Foreman, Texas prisoner # 926545, moves for leave to proceed in forma pauperis (IFP) following the district court's certification that his appeal is not taken in good faith. Foreman also moves for appointment of counsel; that motion is denied.

The district court granted summary judgment for defendants Dr. David Potter and Sgt. Andrew Green in Foreman's 42 U.S.C. § 1983 civil rights action.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court also dismissed Foreman's claims against Potter and Green as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Foreman contends that the district court erred by denying him an extension of time to file his second summary judgment motion and denying his motion for discovery of prison I-60 request forms. He argues that the district court erred by granting summary judgment on his claim against Potter. He lists the legal standards relevant to his claim against Sgt. Green, but alleges no facts relevant to that claim; he has failed to brief that claim for our review. *See United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994).

Foreman's claim against Dr. Potter is based on a delay between the date on which his fractured ankle was discovered and the date on which he had surgery performed to repair that ankle. The summary judgment evidence indicates that Foreman was treated continuously from the time he was injured on March 10, 2007, until January 2008. Moreover, the evidence does not indicate any causal connection between time lapse from the injury and the surgery and the infection that Foreman later contracted. Additionally, Foreman was seen by medical staff personnel and treated for his ankle injury in the prison infirmary during the period between his injury and his surgery. The evidence does not demonstrate that Dr. Potter or the medical staff were deliberately indifferent to Foreman's fractured ankle or that the delay between injury and surgery caused any later complications. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993). The defendants demonstrated that there was no genuine issue of material fact as to Dr. Potter's treatment of Foreman's injury, and the district court did not err by granting summary judgment. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

A district court must sua sponte dismiss a prisoner's IFP § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. § 1915(e)(2)(B). A claim may be

dismissed as frivolous if it does not have an arguable basis in fact or law. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). This court reviews a district court's dismissal as frivolous for abuse of discretion. *Id.*

The district court relied on Foreman's medical records and other evidence outside of the pleadings to determine that his claims were frivolous. Because the district court relied on material outside of the pleadings, the dismissal as frivolous operates as a summary judgment. *See Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1283-84 (5th Cir. 1990). Moreover, the district court did not provide any explanation for the dismissal of Foreman's claims as frivolous. Rather, it granted summary judgment, then stated that "the complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous." The district court erred by dismissing Foreman's medical care claim as frivolous. *See Geiger*, 404 F.3d at 373. Because the district court committed error, Foreman's IFP motion is granted, and the dismissal of Foreman's claim against Dr. Potter as frivolous is vacated.

Foreman does not brief the grant of summary judgment of dismissal as frivolous as to his claim against Sgt. Green. Moreover, Foreman does not challenge the district court's previous dismissal in this same action of his claim against Texas Tech University as frivolous. The dismissal of those claims as frivolous counts as one strike pursuant to 28 U.S.C. § 1915(g). Foreman is warned that, if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP GRANTED; GRANT OF SUMMARY JUDGMENT AFFIRMED; DISMISSAL AS FRIVOLOUS VACATED IN PART AND AFFIRMED IN PART; APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING IMPOSED.